UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLYMPIC PARK ASSOCIATES, WILDERNESS WATCH, and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br><br>Plaintiffs,<br><br>v.<br><br>FRAN P. MAINELLA, in her official capacity as Director of the National Park Service, an agency of the United States Department of the Interior; JONATHAN B. JARVIS, NPS Regional Director for the Pacific West Region; and WILLIAM G. LAITNER, superintendent of Olympic National Park,<br><br>Defendants. | Case No. C04-5732FDB<br><br>ORDER DENYING ATTORNEYS FEES AND GRANTING REVISED COSTS |

**INTRODUCTION**

This cause of action concerned a National Park Service proposal to replace two collapsed trail shelters in the Olympic Wilderness. Each party brought a motion for summary judgment, which brought the values of wilderness preservation and historic preservation into conflict with each other. The Court concluded that proper deference had not been given to the Wilderness Act when the NPS made its decision, referencing the Organic Act of 1916, the Historic Sites Act of 1935, and The

ORDER - 1

National Historic Preservation Act, to rebuild offsite and replace two historic shelters that had collapsed under the natural effects of weather and time in the Olympic Wilderness. Plaintiffs now moves for attorneys' fees, costs, and expenses under the Equal Access To Justice Act (EAJA).

**APPLICABLE LAW**

The EAJA at 28 U.S.C. § 2412 (d)(1)(A) provides that a prevailing party other than the United States is entitled to its fees, expenses, and costs incurred "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." "The test for whether the government is substantially justified is one of 'reasonableness.'" *Gonzales v. Free Speech Coalition*, 408 F.3d 613 618 (9th Cir. 2005)(citing *League of Women Voters of Cal. v. FCC*, 798 F.2d 1255, 1257 (9th Cir. 1986).) Substantially justified means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Id.*, citing *Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988). "Put another way, substantially justified means there is a dispute over which "reasonable minds could differ." *Id.,* citing *League of Women Voters*, 798 F.2d at 1260.

**DISCUSSION AND CONCLUSION**

Having reviewed the Court's decision on the summary judgment motions, and having considered the parties' memoranda and authorities on the EAJA fees question, the Court concludes that the United States, on behalf of the National Park Service officials, was substantially justified in its arguments on the summary judgment motions. As noted by the United States, this case brought into conflict the values of historic preservation and wilderness preservation, which was a matter of first impression and one that created difficult questions. The United States reasonably attempted to harmonize the competing interests and legal authorities. The task was not an easy one. The United States was substantially justified in its position, and, consequently, the Plaintiffs are not entitled to an award of attorneys' fees.

Concerning the costs, the United States questioned the amount sought, which was $2,703.48.

ORDER - 2

1  In reply, Plaintiffs stated that there had been an accounting error resulting in certain charges being

2  reported twice, and the Plaintiffs revised their costs request to seek $1,060.16.  Plaintiffs having

3  revisited their costs request and having made an adjustment, the Court awards the revised costs.

4       NOW, THEREFORE, IT IS ORDERED: Plaintiffs' Motion for an Award of Attorneys'

5  Fees, Costs and Expenses under the Equal Access to Justice Act [Dkt. # 32] is DENIED as to

6  attorneys' fees and GRANTED as to $1,060.16 in costs.

8       DATED this 28th day of June, 2006.

                                FRANKLIN D. BURGESS
                                UNITED STATES DISTRICT JUDGE

ORDER - 3